THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ATTPRO RRG RECIPROCAL RISK RETENTION GROUP,<br><br>                    Plaintiff,<br>     v.<br><br>STEPHEN AIDEN TELLER AND HIS MARITAL COMMUNITY WITH JANE DOE TELLER *et al*.,<br><br>                    Defendants. | CASE NO. C19-1812-JCC<br><br>ORDER |

This matter comes before the Court on Defendants Steven Teller and Teller & Associates, PLLC's (collectively, "Teller") unopposed motion to dismiss for lack of subject matter jurisdiction (Dkt. No. 12). Having thoroughly considered the motion and the relevant record, the Court finds oral argument unnecessary and hereby GRANTS the motion for the reasons explained herein.

I.     BACKGROUND

Plaintiff "is an unincorporated risk retention group that offers professional liability coverage to law firms and solo practitioners." (Dkt. No. 12 at 2; *see* Dkt. No. 4 at 1.) Plaintiff was formed under the laws of the District of Columbia and "is owned by its member insureds and, through a Subscriber Agreement and Power of Attorney, the member insureds give the

authority to manage [Plaintiff] to its attorney-in-fact, MedPro Risk Retention Services, Inc." (Dkt. No. 12 at 2.) Each of Plaintiff's insureds "is automatically a subscriber and member of" Plaintiff. (*Id.*)

In 2016, Teller joined Plaintiff as a member insured and executed a Subscriber Agreement and Power of Attorney. (*Id.* at 2–3.) Plaintiff issued to Teller a professional liability policy covering January 10, 2019, to January 10, 2020. (*Id.* at 3.) On June 10, 2019, Defendant Michelle Merrin filed a lawsuit against Teller in King County Superior Court, and Teller tendered the defense against the suit to Plaintiff. (*Id.*) In November 2019, Plaintiff filed the instant action seeking declaratory relief that it had no duty to defend or indemnify Teller. (*See* Dkt. No. 3.) Plaintiff asserts that the Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332. (*Id.* at 2.)

Teller moves to dismiss Plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (Dkt. No. 12 at 1.) Plaintiff has not responded to Teller's motion to dismiss.

## II.   DISCUSSION

A party may move to dismiss a complaint for "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "The party asserting jurisdiction has the burden of proving all jurisdictional facts." *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). "[I]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." W.D. Wash. Local Civ. R. 7(b)(2).

"The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1). "28 U.S.C. § 1332(a) . . . applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S.

61, 68 (1996); *see Tri-County Metro. Transp. v. Butler Block, LLC*, 337 Fed. App'x 708, 709 (9th Cir. 2009). The citizenship of unincorporated associations is determined by the citizenship of each of its members. *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195 (1990); *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 461 (1980) (collecting cases) ("[U]nincorporated associations remain mere collections of individuals. When the 'persons composing such association' sue in their collective name, they are the parties whose citizenship determines the diversity jurisdiction of a federal court."). Courts have treated reciprocal exchange associations, similar to Plaintiff, as unincorporated associations for jurisdictional purposes. *See, e.g.*, *Themis Lodging Corp. v. Erie Ins. Exch.*, 2010 WL 2817251, slip op. at 1 (N.D. Ohio 2010) ("Courts have long recognized that reciprocal exchange insurance associations . . . do not receive fictional citizenship as do corporations but, instead, bear the citizenship of each member.").

Here, Plaintiff asserts only diversity jurisdiction as the basis for the Court's subject matter jurisdiction over this case. (*See* Dkt. No. 3 at 2.) Plaintiff is an unincorporated association that describes itself as "a reciprocal organization under which each subscriber exchanges insurance obligations with the other subscribers." (*See* Dkt. Nos. 4 at 1, 12-1 at 37.) Therefore, Plaintiff's citizenship for jurisdictional purposes is determined by the citizenship of each of its members. *See Carden*, 494 U.S. at 195. But Plaintiff's complaint contains no factual allegations as to the citizenship of its members. (*See generally* Dkt. No. 3.) Moreover, as Teller was a subscriber of Plaintiff's services, and consequently a member of Plaintiff, from at least at least January 10, 2019, to January 10, 2020, complete diversity did not exist between the parties when Plaintiff filed this action in November 2019. *See Indians v. Cal. State Bd. of Equalization*, 858 F.2d 1376, 1380 (9th Cir. 1988); (Dkt. No. 3 at 2). Therefore, Plaintiff has not carried its burden of proving jurisdictional facts establishing the Court's subject matter jurisdiction under § 1332, and the Court must dismiss this action. *See Indus. Tectonics*, 912 F.2d at 1092; Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(h)(3).

//

### III. CONCLUSION

For the foregoing reasons, Defendants Steven Teller and Teller & Associates, PLLC's motion to dismiss for lack of for lack of subject matter jurisdiction (Dkt. No. 12) is GRANTED. Plaintiff's complaint is DISMISSED. The Clerk is DIRECTED to close the case.

DATED this 21st day of April 2020.

_____

John C. Coughenour
UNITED STATES DISTRICT JUDGE